HONORABLE BRIAN D. LYNCH

HEARING DATE: WEDNESDAY, APRIL 18, 2018
HEARING TIME: 10:00 A.M.
LOCATION: TACOMA, COURTROOM I
RESPONSES DUE: AT TIME OF HEARING

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

PUGLIA ENGINEERING, INC.,

        Debtor.

No. 18-41324-BDL

EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING

Puglia Engineering, Inc., debtor in possession herein ("Puglia" or the "Debtor"), pursuant to §§ 363(c) and (e) of the Bankruptcy Code, Fed. R. Bankr. P. 4001(b)-(d), and Local Bankruptcy Rules 4001-2 and -3 and 9013-1(d)(2)(E), moves this Court on an emergency basis for entry of an Order granting the following relief:

- Authorizing, on an interim basis, the Debtor's use of Cash Collateral (as defined below) pending a final hearing.

- Granting, on an interim basis, adequate protection of the security interests of Washington Federal pending a final hearing.

- Setting a final hearing on the foregoing matters.

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re

Case 18-41324-BDL   Doc 3   Filed 04/16/18   Ent. 04/16/18 15:27:36   Pg. 1 of 10

This Motion is based upon the files and records herein, and the accompanying Declaration of Neil Turney.

### A. The Debtor and its Operations.

The Debtor filed its petition for relief under Chapter 11 on April 14, 2018 (the "Petition Date"). The Debtor has retained control over its assets and continues to operate its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

In 1991, Neil Turney founded Puglia in Tacoma as a mobile ship-repair company, initially operating at 401 Alexander Avenue, Tacoma, on a Port of Tacoma property. Since 1996, Puglia has operated at 2216 East 11th Street, adjacent to Port of Tacoma operations. Puglia has served the needs of the maritime industry in Pierce County for almost thirty years. Mr. Turney remains Puglia's sole shareholder and president.

In 2002, Puglia opened a second location, known as the Fairhaven Shipyard, when it acquired the assets of Bellingham Bay Shipyards, LLC, from a bankruptcy trustee. The Fairhaven Shipyard includes two dry docks. Puglia provides a full array of services at the Fairhaven facility related to fabrication, mechanical, piping/boiler, electrical and painting/blasting. The Fairhaven Shipyard operates on property leased from the Port of Bellingham.

Puglia's operations tend to be seasonal. Operations usually ramp up in October and carry through the spring of the following year. At its seasonal peak, Puglia employs some 140 workers. During the months of July – September, operations and Puglia's workforce decline.

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re
Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 2 of 10

B. **Prepetition Secured Financing.**

Prior to the Petition Date, Puglia entered into a number of financing transactions with Washington Federal ("WaFed") (collectively, the "Credit Facilities"), which may be summarized as follows:

- A commercial equipment loan (the "Dry Dock Loan") in the stated amount of $7,821,894.94, evidenced, in part, by that certain Equipment Finance Agreement dated as of March 2, 2015, by and between the Debtor and WaFed, for the finance of the *Faithful Servant* (the "Dry Dock") pursuant to, and more particularly described in, Equipment Schedule No. 1 dated as of March 2, 2015 (together with all schedules or addenda thereto, collectively, the "Dry Dock EFA"), and secured, in part, by the Dry Dock and all machinery and equipment affixed thereto, all insurance proceeds and payments arising therefrom, and all logs, manuals and records pertaining thereto (all as more fully described in the Dry Dock EFA, collectively, the "Dry Dock Collateral"), as more fully described in that certain (i) Preferred Mortgage of Vessel dated as of March 5, 2015, executed by the Debtor in favor of WaFed, and filed with the United States Coast Guard National Vessel Documentation Center on March 30, 2015, at 5:45 P.M. under Batch No. 26445800, Document I.D. No. 4 (the "Ship Mortgage"), and (ii) the Dry Dock EFA (collectively, the "Dry Dock EFA Documents");

- A commercial equipment loan (the "Equipment Loan") in the stated amount of $500,000.00, evidenced, in part, by that certain Equipment Finance Agreement dated as of December 28, 2016, by and between the Debtor and WaFed, for the finance of certain equipment more fully described in Equipment Schedule No. 2 thereto (the "Equipment Collateral") dated as of December 29, 2016 (together with all schedules or addenda thereto, collectively, the "Equipment EFA");

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re
Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 3 of 10

- A line of credit in the maximum principal amount of $2,000,000.00 (the "Line of Credit"), evidenced, in part, by that certain amended and restated Promissory Note dated as of July 7, 2017, executed by the Debtor in the stated principal amount of the Line of Credit (as modified, the "Note"), which Line of Credit is governed by that certain amended and restated Business Loan Agreement dated as of July 7, 2017 (the "Loan Agreement"), and secured by substantially all of the Debtor's assets, including, without limitation, all of the Debtor's inventory, chattel paper, accounts, equipment and general intangibles (collectively, the "Blanket Collateral"), pursuant to and as more fully described in that certain Commercial Security Agreement dated as of January 16, 2015 (the "Blanket Security Agreement") (collectively, the "LOC Documents"). The Blanket Collateral further secures all other Credit Accommodations pursuant to the cross-collateralization clause contained in the Blanket Security Agreement; and

The Dry Dock Collateral, Equipment Collateral and Blanket Collateral are hereinafter collectively referred to as the "Prepetition Collateral."

The aggregate principal amount owing under the Credit Facilities was approximately $9 million as of the Petition Date (collectively, the "Prepetition WaFed Debt"). Neil Turney has personally guaranteed each of the WaFed Loans.

Puglia's value is in its ability to generate income from services to its customers, rather than in the value of its hard assets. An August 2017 appraisal by the James G. Murphy Company of Puglia's equipment assets in Tacoma and Bellingham (other than dry docks) yielded the following values:

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re
Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 4 of 10

| Location | Forced Liquidation Value | Orderly Liquidation Value | Fair Market Value |
|---|---|---|---|
| Tacoma, WA | $456,975.00 | $492,575.00 | $556,825.00 |
| Bellingham, WA | $1,617,675.00 | $1,860,325.00 | $2,264,750.00 |
| **Total:** | **$2,074,650.00** | **$2,352,900.00** | **$2,81,575.00** |

In August 2017, appraisals of the *Faithful Servant* and the AFDL dry docks by Southport Atlantic valued them at $3,000,000 and $275,000, respectively.

C. **Shipyard Transaction and Litigation.**

In mid-2015, Puglia and BAE Systems Ship Repair, Inc. ("BAE Parent"), began discussions concerning a potential transaction relating to a shipyard facility in San Francisco Bay. The shipyard (the "SF Facility") includes two dry docks. The City and County of San Francisco, operating through its Port Commission (the "Port"), own the SF Facility. At the time, a wholly-owned subsidiary of BAE Parent, BAE Systems San Francisco Ship Repair, Inc. ("BAE-SF," and together with BAE Parent, "BAE"), operated the SF Facility pursuant to a lease with the Port (the "Facility Lease"). The Facility Lease obligated BAE-SF to maintain both dry docks in "good and working order, condition and repair," and made BAE-SF responsible for any dredging and dredging-related activities required in connection with SF Facility operations.

Puglia embarked on its due diligence efforts. Later, on December 1, 2016, Puglia executed a conditional stock purchase agreement with BAE Parent (the "Purchase Agreement") to acquire the stock of BAE-SF. The Port later granted its consent to the transaction.

Puglia took possession of the SF Facility in early January 2017. Puglia contends that only then did it learn that the condition of the SF Facility – particularly the condition of the dry docks and dredging – was considerably worse than and inconsistent with information that BAE had provided in

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE
PROTECTION, AND (3) SETTING FINAL HEARING – Page 5

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re
Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 5 of 10

connection with Puglia's due diligence activities. BAE disputes these contentions, and alleges that Puglia knew that it was buying an asset, on an as-is, where-is basis, that was in need of significant investment, and that BAE refused to warrant the recertification of the dry docks.

Puglia promptly notified the Port of these discoveries. After confirming the SF Facility's condition with its own investigation, the Port issued a notice of default to BAE and Puglia under the Facility Lease on various grounds.

On February 15, 2017, Puglia filed a lawsuit against BAE and the Port in San Francisco County Superior Court, *Puglia Engineering, Inc. v. BAE Systems Ship Repair, Inc., et al.,* Case No. CGC-17-557087 (the "California Lawsuit"), asserting claims for fraud, violations of California and Washington State securities laws for misrepresentations and material omissions in the sale of stock, and rescission of the Purchase Agreement and related agreements. The California Lawsuit was stayed by that court but remains pending. Puglia also notified BAE of its rescission of the Purchase Agreement.

After BAE refused to take the SF Facility back, and at the Port's urging, the Port and Puglia entered into an agreement whereby Puglia would operate the SF Facility as an independent contractor for 90 days to keep the facility from closing. While Puglia honored the agreement with Port, it was wholly unable to operate the SF Facility as it had intended due to its deteriorated condition. On or about May 28, 2017, Puglia ceased operations and vacated the facility.

Meanwhile, on February 21, 2017, BAE Parent commenced separate litigation in the district court for the Southern District of New York, *BAE Systems Ship Repair, Inc. v. Puglia Engineering, Inc.,* Case No. 1:17-cv-01287-RJS (the "New York Lawsuit"). That litigation remains pending.

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE
PROTECTION, AND (3) SETTING FINAL HEARING – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re
Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 6 of 10

**D. Settlement.**

Puglia and BAE engaged in periodic discussions towards a consensual resolution during the latter part of 2017 and early 2018. On October 20, 2017, the parties met in Seattle to discuss a specific settlement proposal. Soon thereafter, and at the request of the parties, the New York Lawsuit was stayed until February 1, 2018.

In mid-January 2018, the parties began discussing another structure by which settlement might be achieved. On January 29, Puglia made a formal written proposal to BAE. After lengthy discussions and the exchange of numerous drafts of a term sheet and settlement positions, on March 27 the parties agreed to the terms of a settlement. On April 6, 2018, the parties executed a formal settlement agreement. The settlement anticipates the filing of this chapter 11 case, and Puglia will be filing a separate motion seeking court approval.

**E.    Emergency Need for Interim Use of Cash Collateral.**

The Debtor requires the immediate use of cash proceeds from the collection of customer contracts and accounts receivable ("Cash Collateral") to minimize disruption to and avoid termination of its operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rules 4001(b)(2) ("Final Hearing"). The Debtor proposes to use Cash Collateral pursuant to the terms set forth herein and the budget attached as Exhibit A to the Turney Declaration (the "Interim Budget"). The Debtor would be in compliance with its obligations as to the Interim Budget so long as the actual expenditures paid with Cash Collateral do not exceed the corresponding expense line item set forth in the Interim Budget by more than ten percent (10%) for each line item for any given month, and the total amount of Cash Collateral used does not exceed the total amount set forth in the Interim Budget for all expenses by more than five percent (5%) for any given month, and both on a cumulative basis (the "Variances"). Variances may be increased by

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE
PROTECTION, AND (3) SETTING FINAL HEARING – Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re

Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 7 of 10

amounts necessary to fund Debtor's operations with WaFed's prior written consent and without further order of the Court. The Debtor would otherwise not use Cash Collateral for any purpose that is not authorized by the Bankruptcy Code, the Interim Budget, and this Order or subsequent order of the Court.

Pursuant to §§ 361, 362 and 363 of the Bankruptcy Code, WaFed has requested, and the Debtor has agreed to provide and hereby proposes, adequate protection of WaFed's interests in Cash Collateral by granting WaFed security interests and liens in the same priority as the Prepetition Liens in and to all personal property of the Debtor, whether now owned or hereafter acquired, wherever located, that is the same type of personal property as the Prepetition Collateral (the "<u>Postpetition Collateral</u>"), and all rents, profits and other proceeds of the Postpetition Collateral (collectively, the "<u>Replacement Liens</u>"). The Replacement Liens would be in addition to the Prepetition Liens, and would remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case. The Replacement Liens would be senior in priority to any and all liens or security interests in the assets of the Debtor and its estate, whenever granted.

The Replacement Liens would be valid, perfected and enforceable security interests and liens on the Postpetition Collateral of the Debtor without further filing or recording of any document or instrument or any other action, but only to the extent of Cash Collateral used during the term of this Interim Order and any diminution in value of the Prepetition Collateral, and only to the extent of the enforceability of WaFed's security interests in the Prepetition Collateral. Notwithstanding the foregoing, if WaFed desires, in its sole discretion, to take any action or record or file any instrument or document for the purpose of evidencing or perfecting the Replacement Liens, then (a) the Debtor will fully cooperate with WaFed in doing so, and (b) the automatic stay would be modified to permit WaFed to take such actions. In addition, if WaFed so elects, it may (but shall not be obligated to) file

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re

Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 8 of 10

or record a certified copy of the order granting the Debtor interim authority to use Cash Collateral (the "Interim Order") in any filing or recording office of any county, state or other jurisdiction in which the Debtor owns property, and such filing or recording shall be accepted by such filing or recording office and shall constitute additional evidence of the perfection of WaFed's liens and security interests as granted hereunder.

As additional adequate protection, the Debtor proposes to make payments to WaFed in the amount of $65,000, commencing on or about May 10, 2018, and continuing monthly thereafter (the "Adequate Protection Payments"). The Adequate Protection Payments shall have superpriority in accordance with the provisions of 11 U.S.C. § 364(c)(1) over any and all administrative expenses of any kind whatsoever including, without limitation, the kind specified in 11 U.S.C. §§ 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), 546(c) or 726.

The authority of the Debtor to use Cash Collateral would terminate automatically upon the earlier of (each, a "Change Event") (a) the Debtor's material breach of the Interim Order or the Interim Budget; (b) entry of an order that stays, reverses, vacates, or modifies the Interim Order in any material respect without the prior written consent of WaFed, unless such order otherwise provides; (c) conversion of the Debtor's case to a case under chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee in this chapter 11 case. Upon the occurrence of a Change Event, WaFed would have the right, but not the obligation, to note a hearing before this Court seeking such relief as it may deem appropriate upon five business days' notice to (i) counsel for the Debtor; (ii) counsel for any statutory committee appointed herein or; if no such committee has been appointed, then to the twenty largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein.

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 9

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re
Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 9 of 10

Pursuant to §§ 361, 362 and 363 of the Bankruptcy Code, the Debtor believes that WaFed's interests shall be adequately protected by the granting of the Replacement Liens. WaFed would reserve the right to later assert that its interest in the Prepetition Collateral lacks adequate protection.

WHEREFORE, the Debtor respectfully requests that the Court approve, on an interim basis and pending a final hearing, (i) the Debtor's use of Cash Collateral based upon the terms set forth above, (ii) the granting of adequate protection of WaFed's interests; and (iii) setting a final hearing on the foregoing matters.

DATED this 16th day of April, 2018.

BUSH KORNFELD LLP

By /s/ *James L. Day*
James L. Day, WSBA #20474
Attorneys for Puglia Engineering, Inc.

MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cc224k09re

Case 18-41324-BDL    Doc 3    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 10 of 10