HONORABLE BRIAN D. LYNCH

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

PUGLIA ENGINEERING, INC.,

    Debtor.

No. 18-41324

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING

THIS MATTER came before the Court at a hearing held on April 18, 2018 (the "Initial Hearing"), upon the Emergency Motion for Order (1) Authorizing Interim Use of Cash Collateral, (2) Granting Interim Approval of Adequate Protection, and (3) Setting Final Hearing (the "Emergency Motion") filed by Puglia Engineering, Inc., debtor in possession herein (the "Debtor"), pursuant to §§ 363(c) and (e) of the Bankruptcy Code, Fed. R. Bankr. P. 4001(b)-(d), Local Bankruptcy Rules 4001-2 and -3, and 9013-1(d)(2)(E), seeking entry of an order (the "Interim Order") (1) authorizing, on an interim basis, the Debtor's use of cash collateral pursuant to the budget submitted in connection with the Emergency Motion; (2) authorizing the Debtor to grant, on an interim basis, adequate protection in favor of Washington Federal ("WaFed"); and (3) setting a final hearing on these matters.

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE
OF CASH COLLATERAL, (2) GRANTING INTERIM
APPROVAL OF ADEQUATE PROTECTION, AND (3)
SETTING FINAL HEARING – Page 1
1839 20111 cd163w13rm

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 1 of 10

The Court, having reviewed the files and records herein, and having considered the presentations of counsel at the Initial Hearing, finds and concludes the following:

A. The Debtor filed its petition for relief under Chapter 11 on April 14, 2018 (the "Petition Date"). The Debtor has retained control over its assets and continues to operate its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M), among other provisions, and the Court has the authority to enter this Order pursuant to 11 U.S.C. §§ 363 and 105, among other sections.

C. WaFed extended certain pre-petition credit facilities to the Debtor (collectively, the "Credit Facilities"), evidenced, in part, by the following:

    i. A commercial equipment loan (the "Dry Dock Loan") in the stated amount of $7,821,894.94, evidenced, in part, by that certain Equipment Finance Agreement dated as of March 2, 2015, by and between the Debtor and WaFed, for the finance of that certain dry dock vessel commonly known as Faithful Service, Official Number 1216139 (the "Dry Dock") pursuant to, and more particularly described in, Equipment Schedule No. 1 dated as of March 2, 2015 (together with all schedules or addenda thereto, collectively, the "Dry Dock EFA"), and secured, in part, by the Dry Dock and all machinery and equipment affixed thereto, all insurance proceeds and payments arising therefrom, and all logs, manuals and records pertaining thereto (all as more fully described in the Dry Dock EFA, collectively, the "Dry Dock Collateral"), as more fully described in that certain (i) Preferred Mortgage of Vessel dated as of March 5, 2015, executed by the Debtor in favor of WaFed, and filed with the United States Coast Guard National Vessel Documentation Center on March 30,

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 2

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm

Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 2 of 10

2015, at 5:45 P.M. under Batch No. 26445800, Document I.D. No. 4 (the "Ship Mortgage"), and (ii) the Dry Dock EFA (collectively, the "Dry Dock EFA Documents");

   ii. A commercial equipment loan (the "Equipment Loan") in the stated amount of $500,000.00, evidenced, in part, by that certain Equipment Finance Agreement dated as of December 28, 2016, by and between the Debtor and WaFed, for the finance of certain equipment more fully described in Equipment Schedule No. 2 thereto (the "Equipment Collateral") dated as of December 29, 2016 (together with all schedules or addenda thereto, collectively, the "Equipment EFA");

   iii. A line of credit in the maximum principal amount of $2,000,000.00 (the "Line of Credit"), evidenced, in part, by that certain amended and restated Promissory Note dated as of July 7, 2017, executed by the Debtor in the stated principal amount of the Line of Credit (as modified, the "Note"), which Line of Credit is governed by that certain amended and restated Business Loan Agreement dated as of July 7, 2017 (the "Loan Agreement"), and secured by substantially all of the Debtor's assets, including, without limitation, all of the Debtor's inventory, chattel paper, accounts, equipment and general intangibles (collectively, the "Blanket Collateral"), pursuant to and as more fully described in that certain Commercial Security Agreement dated as of January 16, 2015 (the "Blanket Security Agreement") (collectively, the "LOC Documents"). The Blanket Collateral further secures all other Credit Accommodations pursuant to the cross-collateralization clause contained in the Blanket Security Agreement; and

   iv. A letter of credit (the "L/C") evidenced, in part, by that certain Irrevocable Standby Letter of Credit No. 62761182112, dated as of January 3, 2017, in the original face amount of $769,000.00, the stated beneficiary of which as of the date hereof is City and County of San Francisco Operating by and through the San Francisco Port Commission, and secured by certain accounts, monies, instruments, savings, checking, share and other accounts in WaFed's actual or constructive

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm

Case 18-41324-BDL Doc 3-1 Filed 04/16/18 Ent. 04/16/18 15:27:36 Pg. 3 of 10

possession, custody or control (collectively, the "L/C Collateral"), pursuant to and as more fully described in that certain (i) Application and Agreement for Irrevocable Letter of Credit dated as of January 3, 2017, and (ii) Assignment of Deposit Account dated as of January 3, 2017 (collectively, the "L/C Security Agreements") (collectively, the "L/C Documents").

D. The Dry Dock Collateral, Equipment Collateral, Blanket Collateral, and L/C Collateral are hereinafter collectively referred to as the "Prepetition Collateral."

E. The aggregate amount owing under the Credit Facilities was approximately $9 million as of the Petition Date (collectively, the "Prepetition WaFed Debt").

F. The Debtor admits that the Prepetition Debt constitutes a legal, valid and binding obligation of the Debtor, enforceable in accordance with its terms (other than in respect of the stay of enforcement arising under 11 U.S.C. § 362), that no offsets, defenses or counterclaims to the Prepetition Debt exist, and that no portion of the Prepetition Debt is subject to avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or applicable nonbankruptcy law. The Debtor also admits that WaFed's liens on and security interests in the Prepetition Collateral (the "Prepetition Liens") constitute valid, binding, enforceable and perfected first priority liens on and security interests in all of the Debtor's assets and that such liens and security interests are not subject to avoidance or subordination. The foregoing admissions are without prejudice to the right of any Official Committee of Unsecured Creditors or other party in interest in this Chapter 11 case to challenge the amount of the Prepetition Debt or the validity, enforceability, perfection or priority of WaFed's liens on and security interests in the Prepetition Collateral.

G. The Debtor admits that all of the Debtor's cash, including but not limited to cash proceeds from the collection of customer contracts and accounts receivable ("Cash Collateral"), is WaFed's cash collateral within the meaning of 11 U.S.C. § 363(a).

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE
OF CASH COLLATERAL, (2) GRANTING INTERIM
APPROVAL OF ADEQUATE PROTECTION, AND (3)
SETTING FINAL HEARING – Page 4

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm

Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 4 of 10

H. The Debtor requires the immediate use of Cash Collateral to minimize disruption to and avoid termination of its operations, and thereby avoid immediate and irreparable harm to its business pending a final hearing pursuant to Bankruptcy Rules 4001(b)(2) ("Final Hearing"). The Debtor proposes to use Cash Collateral pursuant to the terms set forth herein and the budget attached as Exhibit B to the Turney Declaration (the "Interim Budget"). The Debtor has requested that WaFed consent to the Debtor's use of its Cash Collateral, and WaFed has agreed to do so, but only on the terms set forth in this Interim Order.

I. Pursuant to §§ 361, 362 and 363 of the Bankruptcy Code, WaFed has requested, and the Debtor has agreed to provide, adequate protection of WaFed's interests in Cash Collateral and property of the estate on the terms set forth herein. For the purposes of Bankruptcy Code §§ 363(c)(2) and (e) and for determining WaFed's entitlement to a claim under 11 U.S.C. 507(b), the entry of this Interim Order shall be deemed to constitute an interim grant of adequate protection. Pursuant to §§ 361, 362 and 363 of the Bankruptcy Code, the Debtor believes that the interests of WaFed are adequately protected pursuant to the terms and conditions of this Interim Order. WaFed reserves the right to later assert that its interest in the Prepetition Collateral lacks adequate protection.

J. The terms and conditions of this Interim Order are fair and reasonable in connection with the Debtor's request to use Cash Collateral and provide adequate protection to WaFed, WaFed has acted in good faith in consenting to the use of its Cash Collateral, and the entry of this Interim Order is in the best interests of the Debtor's estate and its creditors.

Now, based upon the foregoing, it is hereby

ORDERED as follows:

1. The Emergency Motion is hereby granted on an interim limited basis pursuant to the terms and conditions of this Interim Order.

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 5

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm
Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 5 of 10

2. The Debtor is hereby authorized, on an interim basis, to use Cash Collateral to fund the reasonable, necessary and ordinary costs and expenses of its operations through the date that is the earlier of (i) May 17, 2018 (the "Interim Period"), or (ii) entry of a subsequent order of the Court terminating the Debtor's authority to use Cash Collateral, but only in accordance with the terms of this Interim Order and the Interim Budget.

3. The Debtor shall be in compliance with its obligations as to the Interim Budget so long as the actual expenditures paid with Cash Collateral do not exceed the corresponding expense line item set forth in the Interim Budget by more than ten percent (10%) for each line item for any given month, and the total amount of Cash Collateral used does not exceed the total amount set forth in the Interim Budget for all expenses by more than five percent (5%) for any given month, and both on a cumulative basis (the "Variances"). Variances may be increased by amounts necessary to fund Debtor's operations with WaFed's prior written consent and without further order of the Court. The Debtor shall otherwise not use Cash Collateral for any purpose that is not authorized by the Bankruptcy Code, the Interim Budget, and this Order or subsequent order of the Court.

4. Pursuant to §§ 361, 362 and 363 of the Bankruptcy Code, as and for adequate protection for the Debtor's use of Cash Collateral, WaFed is hereby granted valid, binding, enforceable and perfected security interests and liens in the same priority as the Prepetition Liens in and to all personal property of the Debtor, whether now owned or hereafter acquired, wherever located that is the same type of personal property as the Prepetition Collateral (the "Postpetition Collateral"), and all rents, profits and other proceeds of the Postpetition Collateral (collectively, the "Replacement Liens"). The Replacement Liens are and shall be in addition to the Prepetition Liens, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case. The granting of such Replacement Liens shall be in addition to WaFed's rights in the

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm

Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 6 of 10

Prepetition Collateral, and nothing contained herein shall constitute a waiver of WaFed's rights and priority in the Prepetition Collateral. The Replacement Liens shall be senior in priority to any and all liens or security interests in the assets of the Debtor and its estate, whenever granted.

5.  The Replacement Liens shall be valid, perfected and enforceable security interests and liens on the personal property of the Debtor without further filing or recording of any document or instrument or any other action, but only to the extent of Cash Collateral used during the term of this Interim Order and any diminution in value of the Prepetition Collateral, and only to the extent of the enforceability of WaFed's security interests in the Prepetition Collateral. Notwithstanding the foregoing, if WaFed desires, in its sole discretion, to take any action or record or file any instrument or document for the purpose of evidencing or perfecting the Replacement Liens, then (a) Debtor shall fully cooperate with WaFed in doing so, and (b) the automatic stay shall be, and hereby is, modified to permit WaFed to take such actions. In addition, if WaFed so elects, it may (but shall not be obligated to) file or record a certified copy of this Interim Order in any filing or recording office of any county, state or other jurisdiction in which the Debtor owns property, and such filing or recording shall be accepted by such filing or recording office and shall constitute additional evidence of the perfection of WaFed's liens and security interests as granted hereunder.

6.  As additional adequate protection, the Debtor proposes to make payments to WaFed in the amount of $65,000, commencing on or about May 10, 2018, and continuing monthly thereafter (the "__Adequate Protection Payments__"). The Adequate Protection Payments shall have superpriority in accordance with the provisions of 11 U.S.C. § 364(c)(1) over any and all administrative expenses of any kind whatsoever including, without limitation, the kind specified in 11 U.S.C. §§ 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), 546(c) or 726.

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING INTERIM APPROVAL OF ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING – Page 7

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm

Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 7 of 10

7. The Debtor shall otherwise comply in all respects with the provisions of the Credit Accommodations to the extent practicable and consistent with the Bankruptcy Code and Bankruptcy Rules, including, but not limited to, maintenance of the Prepetition Collateral and insurance (including all property and casualty risks).

8. This Interim Order shall not constitute a waiver by WaFed of any of its rights under the Credit Accommodations, the Bankruptcy Code or other applicable law including, without limitation (i) WaFed's right to later assert that, notwithstanding the terms and provisions of this Interim Order, any of its interests in the Prepetition Collateral or Postpetition Collateral lack adequate protection within the meaning of Bankruptcy Code §§ 362(d)(1) or 363(e); or (ii) WaFed's right to assert a claim under Bankruptcy Code §§ 506(b) and/or 507(b). Any rights granted to WaFed in this Interim Order are in addition to, and not intended as a waiver or substitution for, any rights, remedies, liens or security interest granted under the Credit Accommodations or the right to adequate protection under 11 U.S.C. § 363. WaFed's failure, at any time or times hereafter, to require strict performance by the Debtor (or by any Trustee) of any provision of this Interim Order shall not waive, affect or diminish any right of WaFed thereafter to demand strict compliance and performance therewith. No delay on the part of WaFed in the exercise of any right or remedy under the Credit Accommodations or this Interim Order shall preclude any other or further exercise of any such right or remedy or the exercise of any other right or remedy.

9. The Debtor shall permit representatives, agents and/or employees of WaFed to have reasonable access to its premises and to its records during normal business hours (without unreasonable interference with the proper operation of Debtor's business), and shall cooperate, consult with, and provide to such persons all such nonprivileged information as they may reasonably request.

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE
OF CASH COLLATERAL, (2) GRANTING INTERIM
APPROVAL OF ADEQUATE PROTECTION, AND (3)
SETTING FINAL HEARING – Page 8

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm

Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 8 of 10

10. The authority of the Debtor to use Cash Collateral pursuant to this Interim Order shall terminate automatically upon the earlier of (each, a "Change Event") (a) the Debtor's material breach of this Interim Order or the Interim Budget; (b) entry of an order that stays, reverses, vacates, or modifies this Interim Order in any material respect without the prior written consent of WaFed, unless such order otherwise provides; (c) conversion of the Debtor's case to a case under Chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee in this Chapter 11 case. Upon the occurrence of a Change Event, WaFed shall have the right, but not the obligation, to note a hearing before this Court seeking such relief as it may deem appropriate upon five business days' notice to (i) counsel for the Debtor; (ii) counsel for any statutory committee appointed herein or; if no such committee has been appointed, then to the twenty largest unsecured creditors; (iii) the Office of the U.S. Trustee; and (iv) all parties that have requested special notice herein.

11. The provisions of this Interim Order shall be binding on any trustee appointed by the court in either this Chapter 11 case or upon the subsequent conversion of this case to one under Chapter 7.

12. The Final Hearing shall be held on May ____, 2018, at _____ a.m., and may be continued from time to time. The Debtor is directed to promptly serve notice of the Final Hearing by first class mail, postage prepaid, on all parties in interest within three business days of the entry of this Interim Order, which shall constitute adequate and proper notice of the Final Hearing.

13. This Order shall be effective as of the date of entry by the Court.

///End of Order///

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE
OF CASH COLLATERAL, (2) GRANTING INTERIM
APPROVAL OF ADEQUATE PROTECTION, AND (3)
SETTING FINAL HEARING – Page 9

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1839 20111 cd163w13rm

Case 18-41324-BDL    Doc 3-1    Filed 04/16/18    Ent. 04/16/18 15:27:36    Pg. 9 of 10

Presented by:

BUSH KORNFELD LLP


By  /s *James L. Day*
    James L. Day, WSBA #20474
Attorneys for Puglia Engineering, Inc.

EMERGENCY ORDER (1) AUTHORIZING INTERIM USE
OF CASH COLLATERAL, (2) GRANTING INTERIM
APPROVAL OF ADEQUATE PROTECTION, AND (3)
SETTING FINAL HEARING – Page 10

1839 20111 cd163w13rm

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104