Honorable Brian D. Lynch
Hearing Date: May 8, 2018
Hearing Time: 10:00 a.m.
Location: Tacoma, Courtroom I
Responses Due: May 1, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| In Re | |
|---|---|
| PUGLIA ENGINEERING, INC. | Cause No. 18-bk-41324 BDL |
| Debtor. | RESPONSE OF CREDITORS MARINE CARPENTERS PENSION FUND AND PACIFIC COAST SHIPYARDS PENSION FUND TO DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 |

Creditors Marine Carpenters Pension Fund and Pacific Coast Shipyards Pension Fund (together, the "Taft-Hartley Pension Funds"), respond and object to the Debtor's motion for an order approving compromise (Dkt. #24) under B.R. 9019.

**I. RESPONSE**

Puglia Engineering, Inc.'s ("Puglia") motion requests the Court approve a Settlement Agreement and compromise between Puglia[1] and BAE.[2] The Settlement Agreement seeks to resolve two lawsuits arising from a purported stock sale by BAE to Puglia, in which

---

[1] Defined as Puglia Engineering, Inc.; Puglia Engineering of California, Inc. a/k/a Puglia Engineering California; San Francisco Ship Repair, Inc. f/k/a BAE Systems San Francisco Ship Repair, Inc.; Neil Turney; and 1410 Thorne Road, LLC. (Settlement Agreement: Dkt. #8-1 at p.1).

[2] Defined as BAE Systems Ship Repair, Inc. and BAE Systems, Inc. (Settlement Agreement: Dkt. #8-1 at p.1).

RESPONSE TO DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE – 1
18-bk-41324 BDL
342 005 td241907

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 18-41324-BDL    Doc 81    Filed 05/01/18    Ent. 05/01/18 12:15:14    Pg. 1 of 4

Puglia took control of BAE's San Francisco ship repair facility: (i) *BAE Systems Ship Repair, Inc. v. Puglia Engineering, Inc.* United States District Court, Southern District of New York, Cause No. 17-cv-1287 RJS (the "New York Litigation"); and (ii) *Puglia Engineering, Inc. v. BAE Systems Ship Repair, Inc., et al.*, Superior Court of California for San Francisco County, Cause No. CGC 17-557087 (the "California Litigation").

In exchange for settlement of the New York Litigation and the California Litigation, BAE will pay Puglia $1.4 million.

The Taft-Hartley Pension Funds do not object to entry of an order approving compromise and settlement so long as the order is substantially limited to approval of the $1.4 million settlement payment, the mutual releases, and cessation of the New York and San Francisco litigation.

However, the Taft-Hartley Pension Funds do object to entry of an order that adopts the facts set forth in the Turney Declaration, specifically §2 of the Settlement (Dkt. #8-1 at p. 2) and the Debtor's motion, specifically the first bullet on page 5 (Dkt. #24 at p. 5), to the extent the Debtor's motion requests the Court to do so. The Taft-Hartley Pension Funds have withdrawal liability claims against BAE arising from this same transaction. The Taft-Hartley Pension Funds contend those withdrawal liability claims are non-core and are directed at a non-debtor who is not subject to relief in this Court. The facts set forth in the Turney Declaration and the Settlement Agreement sections cited above serve little purpose in supporting Puglia's motion. Rather, Puglia and BAE appear to be attempting to insulate BAE from withdrawal liability claims to be asserted by the Taft-Hartley Pension Funds by having this Court wholly adopt the language of the Settlement Agreement, thereby helping create the illusion that Puglia's purchase of BAE's San Francisco shipyard operations was a

RESPONSE TO DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE – 2
18-bk-41324 BDL

342 005 td241907

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 18-41324-BDL    Doc 81    Filed 05/01/18    Ent. 05/01/18 12:15:14    Pg. 2 of 4

legitimate transaction. The Taft-Hartley Pension Funds contend such a result would be improper and have the effect of – intentional or otherwise – providing relief to a non-debtor by creating the opportunity for BAE to argue application of issues of preclusion and collateral estoppel in a subsequent, non-core withdrawal liability proceeding.

Puglia provides the justification it needs for approval of the Settlement Agreement on the basis that the pending New York and California litigation is expensive (a drain on the Debtor's assets) and years away from resolution. While Puglia represents that it is confident it would prevail in the pending cases with BAE, there is uncertainty that it would. Puglia also represents that the issues it is litigating with BAE are complex and intensely factual, and not resolvable on motions practice, resulting in a trial on the merits, and years of delay in resolving the claims. Puglia then admits it can't afford to litigate its claims against BAE. Puglia's cited cases provide the Court a basis to grant the Debtor's motion without considering the merits of the factual representations contained in §2 of the Settlement Agreement and the Turney Declaration. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) ("[C]ourts need not rule on disputed facts…"). Indeed, based on Puglia's specific representations in its own motion as to the costs and length of New York Litigation and the California Litigation, it appears the four-factor test set forth in *A & C Properties* is substantially met. *In re Blair*, 538 F.2d 849, 851-52 (9th Cir. 1976) (The Court is not required to conduct an independent investigation of the facts of the case underlying the compromise). Moreover, saving Puglia the expense of litigation where the outcome is uncertain is reasonable and fair on its face. *In re Blair*, 538 F.2d at 51 ("[The Court should consider factors such as the complexity and hazards of litigation, the

RESPONSE TO DEBTOR'S MOTION FOR ORDER APPROVING
COMPROMISE – 3
18-bk-41324 BDL
342 005 td241907

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 18-41324-BDL    Doc 81    Filed 05/01/18    Ent. 05/01/18 12:15:14    Pg. 3 of 4

expense…, the time required, and whether disapproval of the compromise would likely result in the wasting of assets.").

## II. CONCLUSION

The Settlement Agreement before the Court – aside from ridding Puglia of costly litigation – arguably also attempts to help insulate BAE from subsequent withdrawal liability claims and manufacture potential avenues for BAE to argue the application of preclusion and collateral estoppel against the Taft-Hartley Pension Funds. The Taft-Hartley Pension Funds urge the Court to decline Puglia and BAE's invitation and simply approve the $1.4 million settlement payment, the mutual releases, cessation of the New York and San Francisco litigation, and nothing more.

Dated: May 1, 2018.

/s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
 & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for Creditors Marine Carpenters Pension Fund and Pacific Coast Shipyards Pension Fund

RESPONSE TO DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE – 4
18-bk-41324 BDL
342 005 td241907

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 18-41324-BDL    Doc 81    Filed 05/01/18    Ent. 05/01/18 12:15:14    Pg. 4 of 4